UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE:     BRIAN M. MARVIN, | Case No. 06-33536-KRH |
| | Chapter 7 |
| Debtor. | |
| _____ | |
| BRIAN MARVIN, | |
| Plaintiff, | |
| v. | AP No. 08-03071-KRH |
| VICKIE MARVIN and FRANK UVANNI, | |
| Defendants. | |
| _____ | |

### MEMORANDUM OPINION

On September 24, 2008, the Court entered an order dismissing this adversary proceeding pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.[1] A hearing on the motion to dismiss was held on September 16, 2008 (the "Hearing"). This memorandum opinion supplements the bases for the Court's ruling as announced from the bench at the conclusion of the Hearing and sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Brian Marvin (the "Plaintiff") filed this adversary proceeding *pro se* against his ex-wife, Vickie Marvin, and her attorney, Frank Uvanni (each a "Defendant" and together "Defendants"),

---

[1] Vickie Marvin filed the Motion to Dismiss Adversary Proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") in her name only. Thereafter, Frank Uvanni filed a motion to dismiss himself as a party pursuant to Fed. R. Civ. P. 12(b)(2) for failure to serve him with process. Mr. Uvanni's motion became moot when the Court granted Ms. Marvin's Motion.

on May 5, 2008. In his complaint, Plaintiff asked this Court to "reverse the Circuit Court of the County of Hanover's [May 10, 2007] Order and the [April 22, 2008] Court of Appeals of Virginia Opinion," and to "stay Ms. Vickie Lynore Marvin, and Frank Uvanni, attorney . . . from further collateral attacks to reclaim a fully discharged debit [sic]." *Pl.'s Compl. 13*. Plaintiff claims that "the unappealed [discharge] order by the United States Bankruptcy Court . . . must be given full effect to maintain the orderly priority of the law." *Id.* Plaintiff seeks "double damages, punitive damages, and attorney fees and material expenses" for the alleged violation of the discharge injunction of 11 U.S.C. § 524(a).[2] Essentially, the Plaintiff claims that he received a discharge of a debt for attorney's fees and that the state courts have wrongly determined that debt to be in the nature of a domestic support obligation and, therefore, nondischargable. Plaintiff contends that the Defendants violated the discharge injunction by attempting to enforce the award of attorney's fees.

The Court has subject-matter jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. A determination as to the dischargeability of particular debts is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

When considering a motion under Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, the Court must accept all factual allegations in the complaint as true, construe the complaint in a light most favorable to the plaintiff, and recognize that dismissal is inappropriate "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [his] claim." *Banks Auto Parts, Inc. v. Banks Invs. I, LC*, 385 B.R. 142, 146 (Bankr. E.D. Va. 2008) (citing *Schnelling v. Crawford (In re James River*

---

[2] On the Adversary Cover sheet, in the box labeled *Demand*, Plaintiff lists "$6,600 (2x Debit Filing) + Damages."

2

*Coal Co.)*, 360 B.R. 139, 153 (Bankr. E.D. Va. 2007), and *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003)). In ruling on such a motion, only the legal sufficiency of the complaint is tested—not the facts in support of the complaint. *Eastern Shore Mkts, Inc. v J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Plaintiff filed his Chapter 7 bankruptcy case on December 5, 2006, to avoid being held in contempt and possibly imprisoned by the Circuit Court of the County of Hanover (the "Hanover Circuit Court") for violation of state court orders regarding custody of his minor child. At a hearing conducted in January 2007, the Hanover Circuit Court stayed its contempt proceedings until after Plaintiff received his discharge from the bankruptcy court.[3] Plaintiff received his discharge on March 12, 2007, pursuant to 11 U.S.C. § 727. On May 10, 2007, the Hanover Circuit Court reaffirmed that the plaintiff was in contempt and determined that the monetary judgment awarded under its prior, prepetition orders regarding custody of plaintiff's minor child was in the nature of a domestic support obligation and as such was excepted from Plaintiff's discharge in bankruptcy (the "Hanover Circuit Court Order").

Plaintiff appealed to the Court of Appeals of Virginia, which affirmed the Hanover Circuit Court Order in a written opinion handed down on April 22, 2008. *Marvin v. Marvin,* 659 S.E.2d 579 (Va. Ct. App. 2008). Plaintiff now asks this Court to reverse the determinations of both the Hanover Circuit Court and the Court of Appeals of Virginia (referred to herein collectively as the "State Court Judgments") regarding nondischargeability of the prepetition monetary judgment. Plaintiff claims that Defendants are in violation of the discharge injunction by attempting to enforce the prepetition monetary judgment after Plaintiff was granted a discharge in bankruptcy.

---

[3] The Court notes that the Hanover Circuit Court was not required to stay the proceedings by the automatic stay provisions under the Bankruptcy Code. *See* 11 U.S.C. § 362(b)(2)(A)(ii), (iii).

3

The general rule is that "[h]onest debtors are provided a 'fresh start' through 11 U.S.C. § 727, which provides for a general discharge of their debts." *Lubman v. Hall (In re Hall)*, 174 B.R. 210, 214 (Bankr. E.D. Va. 1994). The "general discharge" does not include those debts that are enumerated in 11 U.S.C. § 523(a). The repayment of some types of debts is of greater priority than the debtor's fresh start, and therefore some debts remain due and owing even after a discharge in bankruptcy.

There is a specific exception for domestic support obligations in § 523(a)(5) ("A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt for a domestic support obligation."). A domestic support obligation is a

> debt that is (1) owed to or recoverable by the parent of a child of the debtor, (2) in the nature of support of the child or the child's parent, even if not expressly so designated, (3) established in a court order, and (4) not assigned to a nongovernmental entity, unless the obligation is assigned voluntarily by the child's parent.

*Marvin v. Marvin*, 659 S.E.2d 579, 582 (Va. Ct. App. 2008) (applying the relevant elements of the definition of domestic support obligation in 11 U.S.C. § 101(14A)). Attorney's fees are held to be in the nature of a domestic support obligation if they are awarded in connection with a nondischargeable domestic support obligation. *See, e.g., Silanksy v. Brodsky, Greenblatt & Renehan (In re Silansky)*, 897 F.2d 743 (4th Cir. 1990); *Roberson v. Roberson (In re Roberson)*, 187 B.R. 159, 163 (Bankr. E.D. Va. 1995).

State courts have concurrent jurisdiction with federal courts to determine questions of dischargeability under 11 U.S.C. § 523(a)(5). *See Monsour v. Monsour*, 372 B.R. 272, 278 (Bankr. W.D. Va. 2007) (interpreting the jurisdiction provision in § 523(c) and noting that federal bankruptcy courts only have exclusive jurisdiction under § 523 with regard to subsections (a)(2), (a)(4), and (a)(6)).

4

The Supreme Court of the United States has held that a federal court may not give *res judicata* effect to state court judgments for issues of dischargeability when the state court does not have concurrent jurisdiction under § 523. *See Brown v. Felson*, 442 U.S. 127 (1979) (decided under the fraud subsections of the old "§ 17" of the Bankruptcy Act which are substantially similar to the current § 523(a)(2), (4), and (6)). However, the *Brown* rationale is inapplicable in this case because the state court exercised its concurrent jurisdiction and relied on related federal law when it applied 11 U.S.C. § 523(a)(5) to determine that the prepetition monetary judgment was a domestic support obligation that was not dischargeable in bankruptcy. *See Marvin v. Marvin*, 659 S.E.2d 579, 582 (Va. Ct. App. 2008). Plaintiff had the choice to litigate the dischargeability of the prepetition monetary judgment under 11 U.S.C. § 523 in this Court. *See* Fed. R. Bankr. P. 4007(a) ("A debtor or a creditor may file a complaint to obtain a determination of the dischargeability of any debt."). However, Plaintiff chose to fully litigate the exception to his discharge under 11 U.S.C. § 523 in state court proceedings.

This Court must give *res judicata* effect to the State Court Judgments. Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States,* 369 F.3d 345, 354 (4th Cir.2004) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), and *Brown v. Felsen*, 442 U.S. 127, 131 (1979)) (other citations omitted). Federal courts apply the same rules of preclusion as the forum that rendered the judgment at issue. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 373 (1985) (discussing the preclusive impact of state court judgments on federal courts pursuant to the Full Faith and Credit statute, 28 U.S.C. § 1738); *see also In re Professional Coatings (N.A.), Inc.*, 210

B.R. 66, 74 (Bankr. E.D. Va. 1997). The Supreme Court of Virginia recently described its law of preclusion under the doctrine of *res judicata*:

> Under the common law doctrine of *res judicata,* a final judgment on the merits of a claim precludes the parties from further litigation based on that claim. The doctrine protects litigants from multiple lawsuits, conserves judicial resources, and fosters certainty and reliance in legal relationships. . . . The doctrine applies unless specifically abrogated by statute. . . . To establish the defense of *res judicata,* the proponent of the doctrine must establish identity of the remedies sought, identity of the cause of action, identity of the parties, and identity of the quality of the persons for or against whom the claim is made.

*State Water Control Bd. v. Smithfield Foods, Inc.,* 261 Va. 209, 214, 542, S.E.2d 766, 769 (2001) (internal citations omitted).

The Hanover Circuit Court Order came to be heard upon Defendant Vickie Marvin's "petition for reinstatement asking that the trial court order [Plaintiff] to show cause why he should not be held in contempt for violations of the [child visitation agreement pursuant to the final decree of divorce]." *Marvin v. Marvin*, 659 S.E.2d 579, 580 (Va. Ct. App. 2008). Between the filing of the petition for reinstatement and the issuing of the final Hanover Circuit Court Order, Plaintiff received his discharge. Therefore, when the Hanover Circuit Court Order was issued, the remedy sought was a determination of whether the debt was excepted from the discharge pursuant to 11 U.S.C. § 523(a)(5) and therefore enforceable after bankruptcy. Similarly, the remedy sought on appeal to the Court of Appeals of Virginia was a determination of whether the debt was excepted from discharge under 11 U.S.C. § 523(a)(5). *Id.*

There are three tests under Virginia law to determine the identity of causes of action: "First, are the two causes of action based upon mutually exclusive code sections or statutory language? Second, do both causes of action contain substantially the same legal and factual issues? Finally, does the same evidence support both causes of action?" *In re Professional Coatings (N.A.), Inc.*, 210 B.R. 66, 78 (Bankr. E.D. Va. 1997) (internal citations omitted)

(summarizing the three approaches under Virginia law). The cause of action in the state court actions rested on the ability to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(5). The legal and factual issues that were presented in the state courts were precisely the same as those that would be presented in the case in this Court.

In Virginia, "[a] party to the present suit, to be barred by the doctrine, must have been a party to the prior litigation, or represented by another so identified in interest with him that he represents the same legal right." *Leeman v. Troutman Builds, Inc.*, 530 S.E.2d 909, 911 (Va. 2000). There is no question that Vickie Marvin and Brian Marvin satisfy this rule.[4]

To the extent Plaintiff seeks to reverse or overrule the State Court Judgments, the *Rooker-Feldman* doctrine operates to prevent this Court from sitting in appellate review of the State Court Judgments in this case. The *Rooker-Feldman* doctrine articulates the rule in 28 U.S.C. § 1257 restricting federal courts' subject-matter jurisdiction by preventing federal courts other than the Supreme Court of the United States from hearing appeals from state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Jordahl v. Democratic Party of Va.*, 122 F.3d 192 (4th Cir. 1997), *cert. denied*, 522 U.S. 1077 (1998). Although *Rooker-Feldman* would not automatically divest this Court of its concurrent subject-matter jurisdiction under 11 U.S.C. § 523(a)(5) if a case were proceeding simultaneously in a state court, in this case the Court is prevented from reviewing the

---

[4] The introduction of Defendant Frank Uvanni presents a different problem. Does an attorney representing a party to litigation qualify as being "represented by another?" Stated differently, was the attorney "represented" by his client in the prior litigation such that the attorney is in privity to the client? Under these circumstances, the Court believes that this case is
> within the principle that one who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly to the knowledge of the opposing party, is as much bound by the judgment and as fully entitled to avail himself of it as an estoppel against an adverse party, as he would be if he had been a party to the record.

*Patterson v. Saunders*, 74 S.E.2d 204, 209 (Va. 1953) (quoting *Wright v. Wright*, 178 S.E. 884, 887 (Va. 1935)). Uvanni is entitled to the benefit of *res judicata* by virtue of the fact that he assisted in the prosecution of the action in Hanover Circuit Court and in the Court of Appeals of Virginia to aid his interest in acting as Ms. Marvin's attorney to enforce the judgment obtained, and moreover, this was done openly and was known by Mr. Marvin.

7

State Court Judgments as the losing party is asking the Court to "reverse" two final judgments from Virginia state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *see also Pl's Compl. 13*.

The question of violation of the § 524(a) discharge injunction depends on whether the discharge includes the particular debt that is the subject of post-discharge collection activity. As the debt here is a domestic support obligation, and is therefore not discharged pursuant to § 523(a)(5), the Defendants are not in violation of the discharge injunction. *See Monsour v. Monsour*, 372 B.R. 272 (Bankr. W.D. Va. 2007).

## CONCLUSION

In sum, the issue of dischargeability is resolved for this Court by prior proceedings that are given *res judicata* effect. Pursuant to the *Rooker-Feldman* doctrine, the Court will not consider "reversing" the State Court Judgments. Furthermore, because the debt was not discharged, Defendants are not in violation of the discharge injunction by enforcing the money judgment post-bankruptcy, as Plaintiff contends. The "unappealed [discharge] order by the United States Bankruptcy Court," *Pl.'s Compl. 13*, is given full effect in order to maintain the orderly priority of the law, but that full effect extends only to those debts that have been discharged. For the forgoing reasons, the court ruled at the conclusion of the Hearing that Plaintiff's complaint failed to state a claim upon which relief could be granted; accordingly, it dismissed the complaint.

ENTERED: _____

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Brian M. Marvin
12017 Heiber Ct.
Richmond, VA  23233

Frank G. Uvanni
Uvanni & Associates, PC
Atlee Commerce Center
9410 Atlee Commerce Blvd., Suite 2
Ashland, VA  23005

Robert A. Canfield
Paul McCourt Curley
Canfield, Baer, Heller & Johnston, LLP
2201 Libbie Ave., Suite 200
Richmond, VA  23230

William C. Parkinson, Jr.
5310 Markel Road, Suite 200
Richmond, VA  23230

Robert B. Van Arsdale
Assistant U. S. Trustee
701 East Broad Street, Room 4304
Richmond, VA  23219